UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HANKS,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN BITER,[1]<br><br>    Respondent. | No. 1:18-cv-00202-LJO-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION**<br><br>**(Doc. 14)** |

Petitioner, Jonathan Hanks, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Martin Biter, Warden of the California State Prison, Corcoran, moves to dismiss the petition as untimely. The undersigned agrees that the petition is untimely and recommends that the Court Grant Respondent's motion to dismiss.

I. **Procedural Background**

On October 17, 2000, Petitioner was convicted of first degree murder and several sentencing enhancement allegations were found true. On January 5, 2001, Petitioner was sentenced

---

[1] Pursuant to Fed. R. Civ. P. 25(d), when a public party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. Martin Biter is currently the Warden at California State Prison, Corcoran.

1

to an indeterminate state prison term of twenty-eight years to life. (Lodged Doc. 1.)

On November 19, 2002, the California Court of Appeal ("Court of Appeal") affirmed the judgment. (Lodged Doc. 2.) The California Supreme Court denied review on February 11, 2003. (Lodged Doc. 4.)

Petitioner filed nine state post-conviction collateral challenges. Petitioner's first petition for writ of habeas corpus was filed on October 30, 2001, and was denied on March 27, 2002, before the California Supreme Court denied Petitioner's petition for review. (Lodged Docs. 5-6.)

On February 4, 2004, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court, which was denied on February 24, 2004. (Lodged Docs. 7-8.)

On September 1, 2004, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court, which was denied on September 21, 2004. (Lodged Docs. 9-10.)

On October 10, 2004, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was denied on November 4, 2004. (Lodged Docs. 11-12.)

On November 14, 2010, Petitioner filed a petition for writ of habeas corpus with the Fresno County Superior Court, which was denied on December 27, 2010. (Lodged Docs. 13-14.) Petitioner filed a motion for reconsideration with the Fresno County Superior Court on January 31, 2011, which was denied on April 4, 2012. (Lodged Docs. 15-16.)

On February 20, 2014, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was denied on May 8, 2014. (Lodged Docs. 17-18.)

On June 17, 2014, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which was denied on October 22, 2014. (Lodged Docs. 19-20.)

On July 7, 2015, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was denied on August 7, 2015. (Lodged Docs. 21-22.)

On August 19, 2015, Petitioner filed a petition for writ of habeas corpus with the California

Supreme Court, which was denied on January 13, 2016. (Lodged Docs. 23-24.)

On February 1, 2018, Petitioner filed his petition before this Court. Respondent moved to dismiss the petition as untimely on May 14, 2018. Petitioner filed a response to the motion to dismiss on August 9, 2018, and Respondent filed a reply on September 17, 2018.

## II. Petitioner's Limitation Period

### A. Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled during the time that a "properly filed" application for review is in state court. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

Here, direct review in the State of California ended on February 11, 2003, when the California Supreme Court denied review. The federal statutory limitations period began on May 12, 2003, following the expiration of the 90-day period to file a petition for writ of certiorari in the United States Supreme Court. Accordingly, the one-year statutory limitations period expired on May 12, 2004. Petitioner filed his petition for writ of habeas corpus with this court on February 1, 2018; consequently, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

**B. <u>Petitioner's Petition is Untimely</u>**

Once a petitioner properly files a petition for state post-conviction relief, the limitations period is tolled and remains tolled for the time the petition is "pending." § 2244(d)(2). A petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Petitioner's first petition for writ of habeas corpus was denied on March 27, 2002, which was before the direct review ended and the limitations period began running. Consequently, the first petition has no effect on the tolling period. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (noting that while the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing.").

The limitations period is not tolled from the time the state court issues a final decision on direct appeal to the time the first state collateral challenge is filed, because there is no case "pending" in state court during this interval. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006)). Here, direct review became final on May 12, 2003, and Petitioner filed his second state petition for writ of habeas corpus on February 4, 2004. Because the time between these filings was not tolled, the limitations period ran

4

for 268 days.

Once a petitioner properly files a petition for state post-conviction relief, the limitations period is tolled and remains tolled for the time the petition is "pending." § 2244(d)(2). A petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner filed his second petition for writ of habeas corpus on February 4, 2004 and it was pending for 20 days, until February 24, 2004. Therefore, the limitations period was tolled for 20 days and extended from May 12, 2004, to June 1, 2004.

In California, a "properly filed" petition is also considered "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court, so long as the second petition is filed within a "reasonable time" after the denial of the first petition. *Carey v. Saffold*, 536 U.S. 214, 221 (2002). Therefore, a petitioner is entitled to statutory tolling "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing *Carey*, 536 U.S. at 223) (The tolling rule "modifies the 1-year filing rule (a rule that prevents prisoners from delaying their federal filing) in order to give States the opportunity to complete one full round of review, free of federal interference.").

In California, a "reasonable" amount of time to file a petition is within 30 to 45 days. *Cross v. Sisto*, 676 F.3d 1172, 1179 (9th Cir. 2012) (citing *Carey*, 536 U.S. at 222-23). Petitioner filed his third petition on September 1, 2004—190 days after the Fresno County Superior Court denied his second petition on February 24, 2004. The 190-day period between the Fresno County Superior Court's denial of his second petition and the filing of his third petition was not reasonable. *See Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (California has found time lapses of 81 days and 91 days to be "unreasonable."). Consequently, Petitioner's limitations period was not

tolled between these two filings.

Since the time between his second and third petitions was not tolled, Petitioner's limitations period expired on June 1, 2014, before he filed his third petition. Because Petitioner's limitations period expired before he filed his third petition, neither this filing, nor Petitioner's subsequent petitions which were all filed after the expiration of his limitations period, extended his limitations period. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, Petitioner's petition is untimely and must be dismissed, unless Petitioner is entitled to equitable tolling.

### III. <u>Petitioner Is Not Entitled to Equitable Tolling</u>

Petitioner does not deny his petition is untimely, but claims an entitlement to equitable tolling because he is actually innocent of the crime for which he was convicted. (Doc. 24 at 1.)

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence" can be an exception to the one-year limitations period:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . , or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup* [v. *Delo*], 513 U.S. [298,] 329 [(1995)]; *see House* [v. *Bell*], 547 U.S. [518,] 538 [(2006)] (emphasizing that *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332.

569 U.S. 383, 386 (2013).

However, the "actual innocence gateway," may only be employed when a petitioner "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at 314-15 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). A petitioner must demonstrate factual innocence and "not mere legal insufficiency." *Bousely v. United States*, 523

U.S. 614, 623 (1998). Consequently,

> [t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."

*Schlup*, 513 U.S. at 324. Further, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Here, Petitioner has failed to meet *Schlup*'s actual innocence gateway standard. Petitioner does not argue that he is factually innocent and instead states:

> in October of 2010[,] Petitioner discovered his "Actual Innocence" Claim based on "Insufficiency Of Evidence To Support The Crime of Conviction" and also discovered relevant supporting case law, rules and authorities, <u>none of which the State Superior Court/Judge considered</u> on the merits.

(Lodged Doc. 24 at 2) (emphasis in original).

These contentions do not constitute actual innocence of Petitioner's first degree murder charge. Rather, Petitioner's contentions can be characterized as a claim of legal innocence based on insufficient evidence. Accordingly, Petitioner fails to meet the *Schlup* threshold and, thus, has not established actual innocence for purposes of entitlement to equitable tolling. Therefore, the petition is untimely and should be dismissed.

## IV. **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for

commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

  (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

   (B) the final order in a proceeding under section 2255.

   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

   (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

## V. **Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is DIRECTED to amend the caption in this matter to reflect the name of Martin Biter as Respondent.

IT IS SO ORDERED.

Dated: **November 20, 2018**　　　　　　　／s／ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE