UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HANKS,<br><br>           Petitioner,<br><br>   v.<br><br>MARTIN BITER, Warden,<br><br>           Respondent. | No. 1:18-cv-00202-LJO-SKO (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION [Doc. No. 39]<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME [Doc. No. 41] |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was filed on February 8, 2018. On May 14, 2018, Respondent filed a motion to dismiss the petition for violating the statute of limitations. On November 20, 2018, the Magistrate Judge entered Findings and Recommendations to grant the motion to dismiss the petition. (Doc. No. 33.) Petitioner filed objections on January 30, 2019. (Doc. No. 36.) On February 19, 2019, the undersigned adopted the Findings and Recommendations, granted Respondent's motion to dismiss the petition, and entered judgment against Petitioner. (Doc. Nos. 37, 38.)

On February 28, 2019, Petitioner filed a motion for reconsideration. (Doc. No. 39.) He also filed a motion for extension of time to file a motion for certificate of appealability on March 21, 2019. (Doc. No. 41.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, petitioner fails to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Petitioner states he submitted a motion to amend the petition in his objections and that the Court failed to file the motion to amend. The Court has reviewed the docket and the motion was submitted as an attachment to the objections with additional exhibits. Thus, it was not filed as a separate motion. The Court reviewed the pleading along with the exhibits as objections. Contrary

1 | to Petitioner's assertions, the Court did not fail to consider the arguments set forth therein.

2 | Petitioner argues he is actually innocent because there was no evidence that he was the "actual/direct perpetrator/slayer/killer." (Doc. No. 36 at 17.) As Petitioner acknowledges however, he was convicted under an aiding and abetting theory of culpability. (Doc. No. 36 at 17.) The exhibits he submitted bear this out. In the trial court's instructions, the jury was advised that "[a] person aids and abets the commission of a crime when he or she (1) with knowledge of the unlawful purpose of the perpetrator and (2) with the intent or purpose of committing or encouraging or facilitating the commission of the crime, and (3), by act or advice aids, promotes, encourages, instigates the commission of the crime." (Doc. No. 36 at 72.) Further, the jury was instructed that each principal in a crime is "equally guilty," and principals include "[t]hose who directly and actively commit the act constituting the crime, or (2), those who aid and abet the commission of the crime." (Doc. No. 36 at 72.) Petitioner submits no "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," to show actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995). As discussed by the Magistrate Judge, Petitioner's claims concerning the theories used by the jury to find him guilty of the murder can be characterized as claims of legal innocence, not factual innocence. Petitioner was found guilty of murder as a principal, and he submits no evidence demonstrating his innocence. He merely disagrees with the jury's verdict. In sum, Petitioner does not meet the Schlup threshold and fails to establish actual innocence as an exception to the statute of limitations.

Petitioner has also filed a motion for extension of time to file a certificate of appealability. (Doc. No. 41.) The Court has already declined to issue a certificate of appealability. (Doc. No. 37.) Furthermore, as discussed above, contrary to Petitioner's assertions, the Court considered the arguments and exhibits presented in his objections. Thus, the motion is moot.

///
///
///
///

3

**ORDER**

Accordingly, it is HEREBY ORDERED:

1) Petitioner's motion for reconsideration (Doc. 39) is DENIED; and

2) Petitioner's motion for extension of time is DENIED as moot.

IT IS SO ORDERED.

Dated: **April 29, 2019**    /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE