UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HANKS,<br><br>        Petitioner,<br><br>    v.<br><br>MARTIN BITER, Warden,<br><br>        Respondent. | No. 1:18-cv-00202-LJO-SKO (HC)<br><br>ORDER DENYING SECOND MOTION FOR RECONSIDERATION<br><br>[Doc. 43] |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The federal petition was filed on February 8, 2018. (Doc. 1.) On May 14, 2018, Respondent filed a motion to dismiss the petition for violating the statute of limitations. (Doc. 14.) On November 20, 2018, the Magistrate Judge entered Findings and Recommendations to grant the motion to dismiss the petition. (Doc. 33.) Petitioner filed objections on January 30, 2019. (Doc. 36.) On February 19, 2019, the Court adopted the Findings and Recommendations, granted Respondent's motion to dismiss the petition, and entered judgment against Petitioner. (Docs. 37, 38.)

On February 28, 2019, Petitioner filed a motion for reconsideration. (Doc. 39.) On April 29, 2019, the Court denied the motion for reconsideration. (Doc. 42.) On January 23, 2020, Petitioner filed a second motion for reconsideration. (Doc. 43.)

1

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, just as in the first motion for reconsideration, Petitioner fails to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, he has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Petitioner raises the same arguments that he did before in his objections. (Doc. 36.) He again claims the jury did not make a finding as to all elements of the crime, to wit, that he had the malice necessary to be found guilty of first degree murder. (Doc. 36 at 18-19.) Petitioner submits

no "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," to show actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995). And, he raises no new claims or arguments which were not or could not have been presented to the Court in the initial petition.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's second motion for reconsideration (Doc. 43) is DENIED WITH PREJUDICE. The case is closed, and no further filings will be accepted.

IT IS SO ORDERED.

Dated: **January 24, 2020**     /s/ Lawrence J. O'Neill
                                UNITED STATES DISTRICT JUDGE